## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **WILLIAM MIDIAN, M.D.,** | : |
| Plaintiff, | : |
| vs. | : |
| | **Case No.** |
| **THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE OF MEDICARE HEARINGS AND APPEALS, AND ALEX M. AZAR II, THE SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES** | : **JUDGE** |
| Defendant, | : |

### VERIFIED PETITION FOR MANDAMUS

Now comes the Plaintiff, William Midian, M.D., by and through the undersigned counsel, Attorneys W. Martin Midian and Kathleen L. Midian, and hereby requests this Court to issue a writ of mandamus against Defendants, for the reasons as follows.[1]

I. PARTIES, JURISDICTION, AND VENUE

A. The Plaintiff is William Midian, M.D., a retired physician who is trained as an anesthesiologist and specializes in Pain Management. He resides at 2910 DeGruchy Drive, Silver Lake, OH 44224.

B. The Defendant is The Department of Health and Human Services, an agency of the United States. The Office of Medicare Hearings and Appeals is an entity within The Department of Health and Human Services. Alex M. Azar II is the Secretary of The United States Department of Health and Human Services.

---

[1] All Exhibits referenced in this complaint were also contained in the administrative record.

II. FACTUAL BACKGROUND

The Plaintiff appealed the decision issued by the QIC (a contractor hired by Medicare) issued by letter dated May 2, 2014, which incorrectly upheld the decision of CGS (a contractor hired by Medicare) imposing an overpayment against him, and denying him his Reconsideration Appeal to that decision. The QIC committed error by affirming each and every claimed overpayment that was part of the audit. See Exhibit 2 (Dr. Midian disputes the affirmation with respect to each charged overpayment); see also Exhibit 4, all attachments (literature demonstrating the importance of urine testing in pain management practices).

Medicare, through its contractors, imposed an overpayment of Medicare payments to Dr. Midian in the amount of $198,987.00. This amount was determined by way of an audit of Medicare funds Plaintiff received relating to medical care he provided to thirty-six (36) of his patient beneficiaries regarding forty (40) treatments amounting to an actual total claimed overpayment of $4,013.47 with respect to the years 2008 through 2011. Using its findings in that actual audit, CGS then extrapolated that claimed overpayment over those four (4) years to unaudited payments to Plaintiff for medical care to three hundred and sixty-three (363) other of his patient beneficiaries, charging that he owed Medicare an overpayment in the total amount of $198,987.00. Plaintiff paid the claimed overpayment and is seeking its return, along with interest, expenses, and attorney's fees allowed by law back to the date of payment.

The QIC erred by affirming every claimed overpayment that was part of the audit because Plaintiff was entitled to the funds with respect to each and every claimed overpayment. The services with respect to these funds were reasonable and necessary, and he was not at fault in any way causing the charged overpayments. Plaintiff substantiates these facts through evidence contained in OMHA patient records. These records include: drug testing reports; Dr. William

Midian's explanation in his Report, which is supported by the patient records; literature in his specialty field of Pain Management; other expert reports; and legislation enacted by the Ohio General Assembly, which mandates his practices in the treatment of his chronic pain. See Exhibit 2 (Dr. Midian disputes the affirmation with respect to each charged overpayment); Exhibit 3, all attachments (Expert Reports concerning Dr. Midian's course of treatment in comparison with charged overpayments); Exhibit 4, all attachments (literature demonstrating the importance of urine testing in pain management practices); Exhibit 5 (Dr. Midian's detailed justification for his chosen course of treatment for patients in regards to each charged overpayment).

Plaintiff has appealed this to the Administrative Law Judge seeking to overturn the Reconsideration by the QIC to uphold CGS's decision charging him with causing an overpayment of both the audited and extrapolated unaudited overpayment charges against him. See Exhibits 1-5. The charges are based upon two substantive categories involving the sample audited charges: (1) Urine Drug Testing, and (2) Evaluation and Management. Moreover, the underlying issue is of the validity of the extrapolation calculated by AdvanageMed Corporation contractor, of the sample audit charges of $4,013.47 over the subject four-year period of time resulting in the claimed overpayment in the total amount of the $198,987.00. See Exhibit 1 (Motion for Decision on the Merits in Favor of the Appellant Based on the Record).

By letter dated June 16, 2014, sent by certified mail to a Centralized Docking at the specified address, Plaintiff, through counsel and within the sixty (60) day required period, filed a timely appeal from the unfavorable decision. On the Plaintiff's Reconsideration appeal issued by letter dated May 2, 2014, by the QIC Plaintiff, through counsel, filed the appeal with the Health and Human Services' Office of Medicare Hearings and Appeals' Centralized Docking at 200 Public Square, Suite 1260, Cleveland, Ohio 44114-2316, based upon instructions provided by the

QIC in its letter of May 2, 2014. In a letter dated June 16, 2014, the Plaintiff requested a hearing before an Administrative Law Judge (herein after "ALJ") and provided all documentation required for the appeal. Health and Human Services' Office of Medicare Hearings and Appeals received the request for an ALJ hearing on June 19, 2014. See letter entitled "ALJ Appeal Status Information System Result," p. 1. To date, the Defendants have not scheduled a hearing in the Plaintiff's administrative case. Moreover, the Defendants have not issued a decision on the Plaintiff's administrative case, nor have they remanded the case to the QIC.

III. REGULATORY AUTHORITY

Section 42 C.F.R. § 405.1016, entitled "Time frames for deciding an appeal before an ALJ," governs the time frame for scheduling an ALJ hearing. It reads as follows:

> When a request for an ALJ hearing is filed after a QIC has issued a reconsideration, the ALJ must issue a decision, dismissal order, or remand to the QIC, as appropriate, no later than the end of the 90 calendar day period beginning on the date the request for hearing is received by the entity specified in the QIC's notice of reconsideration, unless the 90 calendar day period has been extended as provided in this subpart.

The 90-day period under Section 42 C.F.R. § 405.1016 has passed. It has been more than 4 years since the Plaintiff filed his appeal from the adverse decision denying his Reconsideration administrative appeal and his filing of the request for and ALJ hearing. Moreover, the parties have not agreed to extend the 90-date under 42 C.F.R. § 405.1016. Consequently, the Defendants have violated their regulatory authority, pursuant to 42 C.F.R. § 405.1016D.

IV. MANDAMUS RELIEF

Section 28 U.S.C. § 1361 governs mandamus jurisdiction in Federal Court, which provides that "the District Court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform

4

a duty owed to the plaintiff." Mandamus is considered "extraordinary" relief. It is reserved for only the most compelling cause where the plaintiff can show a clear and indisputable right to compel relief sought. In re Parker, 49 F. 3d 204, 206 (6th Cir. 1995) (the duty must be plainly commanded and ministerial); See also Ryan v. O'Neill, 804 F. 2d 199, 205 (6th Cir. 1990). The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should be issued, in order to establish either jurisdiction or entitlements to the writ, a court must find that a duty is owed to the plaintiff." Maczo v. Joyce, 84 F. 2d 308, 310 (6th Cir. 1987).

V. CONCLUSION

WHEREFORE, the Plaintiff requests relief from this Court as follows:

A. Due to the authorized time in the statute of limitations having expired under the Defendants' regulatory authority, Section 405.1016, the appropriate remedy is for the this Court to issue an order of mandamus, requiring the Defendants to return the subject funds in issue, including interest, expenses, and attorney fees allowed by law from the date of payment, to the Plaintiff, which Defendants have held from him for more than 4 years.

B. In the alternative, the Plaintiff request that this Court issue an order of mandamus requiring the Defendants, through the Office of Medicare Hearings and Appeals, to schedule a hearing before an ALJ in the Plaintiff's administrative case, A.L.J. Appeal No. No.: 1-2221529557.

Respectfully submitted,

*/s/ W. Martin Midian*
**W. MARTIN MIDIAN (0080941)**
**ROSS, MIDIAN & BREITMAYER, L.L.C.**
846 South High Street
Columbus, Ohio 43206
Phone:  (614) 228-4488
Fax:    (614) 228-4455


*/s/ Kathleen L. Midian*
**KATHLEEN L. MIDIAN**
**ATTORNEY AT LAW**

*Attorneys for Plaintiff*, William Midian, M.D.


CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2018, the foregoing Verified Petition for Mandamus was filed eletronically with the Civil Division of the United States District Court for the Northern District of Ohio, Eastern Division at 801 West Superior Ave, Cleveland, Ohio 44113 and served by mail upon United States Attorney's Office for the Northern District of Ohio at 801 West Superior Ave; Suite 400, Cleveland, Ohio 44113 and The Department of Health and Human Services, Office of Medicare Hearings and Appeals, Centralized Docket at 200 Public Square, Suite 1260, Cleveland, Ohio 44114.

*/s/ W. Martin Midian*
**W. MARTIN MIDIAN (0080941)**
*Attorney for Plaintiff*, William Midian, M.D.


*/s/ Kathleen L. Midian*
**KATHLEEN L. MIDIAN**
**ATTORNEY AT LAW**
*Attorney for Plaintiff*, William Midian, M.D.

6